IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY KITCHENS,<br><br>               Plaintiff<br><br>VS.<br><br>JOANNE B. BARNHART,<br>S.S. Commissioner,<br><br>               Defendant | NO. 5:06-CV-240 (HL)<br><br>SOCIAL SECURITY APPEAL |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g).

### PROCEDURAL HISTORY

On April 14, 2003, plaintiff LARRY KITCHENS filed an application for Disabililty Insurance Benefits and Supplemental Security Insurance benefits claiming that he is disabled due to back pain, pain in his feet, and respiratory problems.[1] His application was denied initially and after reconsideration, on January 30, 2004. After a hearing before an administrative law judge (ALJ) on December 4, 2004, plaintiff's claim was again denied in a decision dated March 2, 2005. Finally, on May 26, 2006, the Appeals Council denied plaintiff's request for review.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

---

[1] Specifically, the plaintiff has been diagnosed with chronic obstructive pulmonary disease, disc herniation, and degenerative disc disease of the cervical spine, history of diskectomy and fusion of the lumbar spine, supraventricular tachycardia and hyponatremia.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[2] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

In this appeal, plaintiff Kitchens contends that the ALJ's decision is incorrect and requires remand based on a number of alleged errors. He first alleges that the ALJ discounted Dr. Yarboro's findings of limitation with respect to the plaintiff's stamina and physical abilities. However, the ALJ specifically noted that he discounted Dr. Yarboro findings because the doctor's examination of plaintiff took place only four months after the plaintiff was released from a prolonged hospitalization. Tr. 237- 242. The ALJ's findings in this regard are supported by substantial evidence as plaintiff's primary treating source had an opportunity to see the plaintiff months after Dr. Yarboro, and opined that the plaintiff was not functionally limited. Tr. 278.

Plaintiff's second enumeration of error avers that the Appeal's Council was required to remand this case on the basis of new evidence that was not before the ALJ at the time he issued his decision. In his decision, the ALJ noted that he did not give significant weight to the opinion of Dr. Crystal Owens because at the time the ALJ reviewed the plaintiff's medical records, there was only one treatment note from Dr. Owens. Tr. 23. The record now indicates that Dr. Owens treated the plaintiff numerous times between 2004 and 2006, and her findings on those later dates are consistent with her earlier notations

To succeed on a claim that a remand is appropriate, a plaintiff must show that: (1) there is new, noncumulative evidence; (2) the evidence is material; and (3) there is good cause for the failure to submit the evidence at the administrative level. *Vega v. Comm'r of Social Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001). Here, plaintiff Kitchens fails to satisfy the second prong of this test as any observations made by Dr. Owens in the time period *after* the ALJ made his decision would have no bearing on whether the plaintiff was "entitled to benefits during a specific period of time, which was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999). In *Wilson,* the Circuit also dismisses the plaintiff's argument in that case that subsequent evidence could "implicitly" show that a claimant had been disabled for some time. *Id*. at n.4.

The undersigned also notes that plaintiff has failed to show good cause for the failure to submit at the administrative level all of the evidence needed to support his claim. Such a burden is on the plaintiff, and if this court were to remand cases to administrative levels simply because the claimants did not produce as much evidence as they could have on their first trip through the administrative process, the district court would be providing multiple chances for potential claimants to be found disabled. Such is not a logical policy.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Commissioner's decision in this case be **AFFIRMED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 4th day of MARCH, 2008.



                                      CLAUDE W. HICKS, JR.
                                      UNITED STATES MAGISTRATE JUDGE